UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES S. BOLING, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case Number: 1:21-cv-2208 ) |
| DUANE BURGESS, in his Official Capacity as SHERIFF OF JOHNSON COUNTY, INDIANA, | ) ) ) ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF – DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, Terrance Kinnard, for his Complaint and Demand for Jury Trial (Class Action), states the following:

**PRELIMINARY STATEMENT**

1. The Plaintiff, on behalf of himself and all others similarly situated, brings this class action lawsuit to seek redress for the Defendant's violations of the constitutionally protected rights of arrestees entrusted to his care.

**PARTIES**

2. The Plaintiff, James S. Boling ("Mr. Boling"), is an adult natural person who resides in Marion County, Indiana.

3. The proposed classes of all other individuals situated similarly with Plaintiff regarding violations of the Fourth and Fourteenth Amendments to the United States Constitution are more specifically defined hereafter.

4. The Defendant is the duly elected Sheriff of Johnson County, Indiana, (the "Sheriff")

1

who is sued in his official capacity only.

## CLASS ALLEGATIONS

5. Mr. Boling brings this claim on behalf of a class consisting of: (i) all persons who were held at the Johnson County Jail in lieu of a cash bond; (ii) from whom the Sheriff collected a medical copayment or other debt from monies otherwise intended to pay the confined person's bond; (iii) on or after a date two (2) years prior to the filing of this suit.

6. All requirements of Rule 23(a) are met in this cause in that:

   a. The class is so numerous that joinder of all members is impractical. The Johnson County Jail regularly houses inmates in excess of its 322-bed capacity and the membership of the proposed class is constantly changing as prisoners post bond and are released.

   b. There are questions of law or fact common to the class: whether the Sheriff's act withholding medical copayments from cash bond payments violates the United States Constitution.

   c. The claims of the representative party are typical of those of the class.

   d. The representative party will fairly and adequately protect the interests of the class.

7. The further requirements of Rule 23(b)(2) are met in this cause as at all times the Sheriff has acted or refused to act in a manner generally applicable to the class, thereby making final injunctive or declaratory relief appropriate with respect to the class as a whole.

8. Undersigned counsel is an appropriate person to be appointed as counsel for the class pursuant to Federal Rules of Civil Procedure 23(g) and should be so appointed.

## JURISDICTION AND VENUE

9. The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, to obtain a judgment for damages suffered and sustained by the Plaintiff, and all others similarly situated, and caused by the Defendant's violation of the Plaintiff's rights, privileges, and immunities, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by applicable federal statutes, specifically 42 U.S.C. §§ 1983 and 1988, and for the costs of suit, including reasonable attorney's fees.

10. Venue in the Indianapolis Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events which give rise to this action took place within this District.

11. Declaratory relief is authorized by 28 U.S.C. § 2201 and by Rule 57 of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS

12. Indiana law requires the Johnson County Sheriff to receive all persons arrested on adult charges within Johnson County, Indiana.

13. Johnson County adult arrestees are held at the Johnson County Jail subject to payment of any bond ordered on a warrant commanding that person's arrest, pursuant to a Bond Schedule established by court rule, or under a bond or other conditions established in open court.

14. While in his custody, Indiana law authorizes the Sheriff to require that inmates make copayment for certain medical services.

15. The medical copayment may not exceed $15.00 per service.

16. Once an arrestee pays any relevant bond, the Sheriff is required to release the arrestee pending further court proceedings.

17. On or about October 3, 2020, the State of Indiana filed charges against Mr. Boling.

18. Said charges were filed in the Johnson Superior Court, and a warrant commanding Mr.

Boling's arrest was issued on October 14, 2020.

19. The warrant for Mr. Boling's arrest set bond at $1,000.00 cash and $2,500.00 surety.

20. Mr. Boling was arrested on the warrant on October 15, 2020 and thereafter housed at the Johnson County Jail.

21. During his stay at the Johnson County Jail, the Sheriff assessed Mr. Boling an aggregate of $90.00 in medical copayments.

22. Prior to approximately March 9, 2020, the Sheriff accepted cash bond payments through a Sheriff employee located in the lobby of the Jail.

23. On or about March 9, 2020, the Sheriff along with the Johnson County Commissioners hired Stellar Services, LLC ("Stellar") to manage certain inmate cash transactions, including collection of cash bond payments.

24. To that end, Stellar and Johnson County executed an Inmate Accounting System Service Agreement ("Service Agreement").

25. As part of its contractual obligations, Stellar provided a "Stellar Lobby Kiosk" for the purpose of collecting cash bond payments on behalf of the Sheriff.

26. Individuals acting on behalf of Mr. Boling hired a bondsman to post the surety bond and made arrangements for payment of the cash bond at the Jail.

27. On October 29, 2020, an individual acting on behalf of Mr. Boling ("Mr. Cooper") arrived at the Johnson County Jail to pay the $1,000.00 cash bond.

28. The jail staff informed Mr. Cooper that a cash bond could only be paid through use of the Stellar Lobby Kiosk.

29. Mr. Cooper entered all of the required information into the Stellar Lobby Kiosk and then proceeded to insert $1,000.00 in cash.

30. At that time, the Stellar Lobby Kiosk display informed Mr. Cooper that a transaction fee

of $4.00 had been assessed.

31. Mr. Cooper then left the Jail to obtain additional money from an Automated Teller Machine to cover the $4.00 fee deducted from the bond payment.

32. Mr. Cooper returned to pay the difference and also pay another $4.00 transaction fee which was charged for paying the first transaction fee.

33. Mr. Cooper then informed the jail staff that bond had been posted and proceeded to leave, believing Mr. Boling would then be released.

34. Instead, the Stellar Lobby Kiosk further deducted Mr. Boling's $90.00 medical copayment from the cash deposited for Mr. Boling's bond payment.

35. The Stellar Lobby Kiosk did not provide any option for paying the bond without first paying Mr. Boling's medical debt.

36. As such, Mr. Boling would not be released from custody even though the entire $1,000.00 bond had been paid.

37. Additional funds had to be brought to the Stellar Lobby Kiosk the following day before Mr. Boling would be released from confinement.

38. Eventually, Mr. Boling was release from custody but only after payment of the medical copayment.

39. There is no opportunity to dispute any alleged amount owed in medical copayments, and the amount must be paid or the arrestee remains incarcerated.

40. By requiring payment of the medical debt prior to releasing inmates, the Sheriff is violating the Fourteenth and Fourth Amendment rights of pretrial detainees, by effectively imprisoning them for a debt.

WHEREFORE, the Plaintiff, by counsel, requests the Court:

a. Accept jurisdiction of this case and set it for a hearing.

b. Certify this case as a class action with the class as defined above.

c. Declare that the actions and inactions of the Defendant violates the United States Constitution for the reasons noted above.

d. Enter a permanent injunction requiring the Defendant to take all steps necessary to ensure that the process of bonding individuals out of jail complies with the United States Constitution.

e. Award the Plaintiff monetary damages.

f. Award reasonable attorney's fees;

g. Award litigation costs and expenses; and

h. All other appropriate relief.

;Date:  July 1, 2021    .                             /s/  Terrance Kinnard            .
                                                     Terrance Kinnard, #22224-49
                                                     Kinnard & Scott
                                                     320 North Meridian Street, Ste. 406
                                                     Indianapolis, IN 46204
                                                     Telephone: 317-855-6282
                                                     Facsimile: 317-588-1519
                                                     E-Mail: tkinnard@kinnardlaw.net

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

Date:  July 1, 2021    .                              /s/  Terrance Kinnard            .
                                                     Terrance Kinnard, #22224-49
                                                     Kinnard & Scott
                                                     320 North Meridian Street, Ste. 406
                                                     Indianapolis, IN 46204
                                                     Telephone: 317-855-6282
                                                     Facsimile: 317-588-1519
                                                     E-Mail: tkinnard@kinnardlaw.net