**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JAMES S. BOLING, individually and on behalf of all others similarly situated, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 1:21-cv-02208-TWP-MG |
| | ) |
| DUANE BURGESS, in his official capacity as Sheriff of Johnson County, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This matter is before the Court on a Motion for Class Certification filed by Plaintiff James

S. Boling ("Boling"), individually and on behalf of all others similarly situated pursuant to Federal

Rules of Civil Procedure 23 (Filing No. 54). Boling initiated this action against Defendant Duane

Burgess' ("Sheriff Burgess")--the Sheriff of Johnson County, Indiana--challenging the

constitutionality of a policy requiring payment of medical debt prior to release of pretrial detainees

at the Johnson County Jail ("the Jail"). Sheriff Burgess argues class certification should be denied

because Boling failed to allege a constitutional violation, failed to adequately define a proposed

class, and failed to put forth evidence supporting the Motion and, as such, Boling cannot satisfy

his burden under either Rule 23(a) or 23(b) (Filing No. 57; Filing No. 58). For the reasons set forth

below, the Court **denies** Boling's Motion but grants him leave to file an Amended Motion for Class

Certification with supporting evidence.

## I.      FACTUAL BACKGROUND

Indiana law authorizes the county sheriff to require that inmates make co-payment for

certain medical services. (Filing No. 1 at 3.)  The medical co-payment may not exceed $15.00 per

service. *Id*.  Prior to March 9, 2020, an employee of the Jail was responsible for collecting cash bond payments at the Jail.  (Filing No. 1 at 4.)  On March 9, 2020, Sheriff Burgess, along with the Johnson County Commissioners, hired Stellar Services, LLC ("Stellar") to exclusively manage certain inmate cash transactions, including collection of cash bond payments. *Id*.  Stellar placed a "Stellar Lobby Kiosk" in the Jail to facilitate these transactions.  *Id*.  The Stellar Lobby Kiosk was programmed to direct all deposits to an inmate's general account and did not provide the option to only pay an inmate's cash bond.  *Id*. at 5.  In October 2020, a warrant was issued for Boling's arrest. *Id*.  Upon his arrest he was housed at the Jail and Boling's bond was set at $1,000.00 cash and $2,500.00 surety. *Id*. at 4.  The surety bond was promptly posted, so all that remained to be paid before Boling could be released from the Jail was the $1,000.00 cash bond (Filing No. 55 at 4).

Approximately two weeks after his arrest, someone acting on Boling's behalf and intending to pay Boling's cash bond, appeared at the Jail and deposited funds equivalent to the full cash bond amount on the Stellar Lobby Kiosk.  (Filing No. 1 at 5.)  Unbeknown to that individual or Boling, the Stellar Lobby Kiosk automatically deducted $90.00 in previously incurred medical co-payment fees from the cash bond payment amount.  *Id*.  This resulted in a balance insufficient to cover the full cash bond amount and, as a result, Boling was not released from custody.  *Id*.  The next day, additional funds were deposited on the Stellar Lobby Kiosk to satisfy the balance of Boling's cash bond and he was then released from the Jail.  *Id*.

On August 9, 2021, Boling initiated this action on behalf of himself and others similarly situated, against Sheriff Burgess in his official capacity as Sheriff of Johnson County, seeking damages and, declaratory and injunctive relief.  (Filing No. 1.)  He alleges his detention at the Jail was prolonged because Sheriff Burgess requires pre-trial detainees to pay medical co-payment fees

prior to being released from the Jail and his medical co-payment fees were automatically deducted from funds intended to pay his cash bond.

The Case Management Plan required that Boling file a motion for class certification by October 25, 2021.   (Filing No. 13 at 3).   This deadline was extended multiple times with an eventual deadline of February 28, 2022.  (Filing No. 31.)   After the deadline had passed, Boling moved for leave to file a motion for class certification on March 16, 2022.  (Filing No. 46.)   On April 20, 2022, the Court entered an Order granting Boling leave to file his motion for class certification, and later that day Boling filed the instant Motion (Filing No. 53; Filing No. 54). Thereafter, Sheriff Burgess filed a response in opposition to class certification (Filing No. 57; Filing No. 58).

## II.      LEGAL STANDARD

Class action lawsuits are governed by Federal Rule of Civil Procedure 23.  Rule 23 requires that a class be defined, and courts have interpreted that to mean that classes must be "defined clearly and based on objective criteria." *See, e.g., Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 342 (2011); *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 659 (7th Cir. 2015); *Matamoros v. Starbucks Corp.*, 699 F.3d 129, 139 (1st Cir.2012).  Pursuant to Rule 23, the named party of a class of plaintiffs may sue on behalf of all the members of the class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  The proposed class must also satisfy one of the requirements under Rule 23(b). *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citing Fed. R. Civ. P. 23(b)).

A party seeking class certification bears the burden of demonstrating that certification is appropriate by a preponderance of the evidence. *Id.* The determination of whether to certify a proposed class is within the broad discretion of the district court. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). While consideration of class certification is not "a dress rehearsal for trial on the merits," the court "must receive evidence and resolve the disputes before deciding whether to certify the class." *Messner*, 669 F.3d at 811 (quoting *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)); *see also Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 558 (7th Cir. 2003) ("Class certification requires a *rigorous investigation* into the propriety of proceeding as a class….") (emphasis added). Class certification decisions are "inherently tentative", and the judge remains free to modify it in the light of subsequent developments in the litigation. *Fonder v. Sheriff of Kankakee Cty.*, 823 F.3d 1144, 1147 (7th Cir. 2016).

## III.   DISCUSSION

Boling alleges that Sheriff Burgess' policy of requiring pre-trial detainees to pay medical co-payment fees prior to being released on bond violates the Thirteenth and Fourteenth Amendments and he seeks class certification pursuant to Rules 23(a), and 23(b)(1)(B), or 23(b)(2), or 23(b)(3). The Court must first determine whether Boling has satisfied the four prerequisite requirements under Rule 23(a)—numerosity, commonality, typicality, and adequacy—before it can address his Rule 23(b) arguments. Sheriff Burgess argues that Boling cannot satisfy the requirements of Rule 23(a) because he failed to describe a constitutional violation, failed to adequately define the class, and failed to put forth evidence identifying member(s) of the proposed class and, as such, he also cannot satisfy any of the Rule 23(b) requirements. Without deciding whether Boling plainly alleged a constitutional violation, the Court finds he has not demonstrated by a preponderance of the evidence that certification is appropriate pursuant to Rule 23(a).

A.    **<u>Whether Boling's Class is Ascertainable</u>**

As a threshold matter, the members of a proposed class must be ascertainable, which means that the class must be "defined clearly and based on objective criteria." *Mullins*, 795 F.3d at 659. A clear definition is one that "identif[ies] a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Id*. at 660. "[C]lasses that are defined by subjective criteria, such as by a person's state of mind, fail the objectivity requirement." *Id*. ("Plaintiffs can generally avoid the subjectivity problem by defining the class in terms of conduct (an objective fact) rather than a state of mind.").

Here, Boling argues the proposed class is defined by objective criteria:

> (i) all persons who were held at the Johnson County Jail in lieu of a cash bond; (ii) from whom the Sheriff collected a medical copayment or other debt from monies otherwise intended to pay the confined person's bond; (iii) on or after a date two (2) years prior to the filing of this suit.

(Filing No. 55 at 8.)

Sheriff Burgess argues the proposed class is defined by a subjective criterion—monies otherwise *intended* to pay the confined person's bond—and, as such, fails the objectivity test (Filing No. 58 at 2). The Court agrees with Sheriff Burgess. The phrase "monies otherwise intended to pay the confined person's bond" does not meet the objectivity standard because it relies on the state of mind of individuals depositing monies on the Stellar Lobby Kiosk. This subjective belief may lead to people improperly being included in the proposed class. *See Messner*, 669 F.3d at 826 n.15 ("In circumstances such as these, involving minor overbreadth problems that do not call into question the validity of the class as a whole, the better course is not to deny class certification entirely but to amend the class definition as needed to correct for the overbreadth."). The Court notes that Boling has not sought to amend the definition of the proposed class. The Court therefore concludes Boling has failed to objectively define the proposed class.

As explained below, even if Boling had objectively defined the proposed class, class certification is not appropriate because he has not satisfied all the requirements under Rule 23(a).

**B.     Rule 23(a)(1)—Numerosity**

Rule 23(a) requires that members of a certified class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  Numerosity is satisfied where "it's reasonable to believe [the class is] large enough to make joinder impracticable and thus justify a class action suit." *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities, Inc.*, 747 F.3d 489, 492 (7th Cir. 2014).  Generally speaking, classes of forty or more members have been found to be sufficiently numerous to warrant class certification.  *See, e.g., Pruitt v. City of Chi.*, 472 F.3d 925, 926–27 (7th Cir. 2006); *Oplchenski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 495 (N.D. Ill. 2008).  But courts "must go beyond the pleadings and, to the extent necessary, take evidence on disputed issues that are material to certification." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018); *see also Szabo*, 249 F.3d at 675.  "The party supporting the class cannot rely on mere speculation or conclusory allegations as to the size of the putative class ... for numerosity purposes." *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008).

During discovery, Boling's counsel was provided a copy of: (1) every transaction within the requested timeframe; (2) every medical payment within the requested timeframe; and (3) every posted bail within the requested timeframe.  (Filing No. 58 at 5.)  Boling contends that he established numerosity because during the relevant class period, there were "2,388 separate deductions for medical co-payments from funds otherwise deposited for use in securing the affected inmate's release" and while the precise number of class members is unknown, he believes the number of class members is more than 1,000.  (Filing No. 55 at 8-10.)

Sheriff Burgess asserts that Boling has not satisfied the numerosity requirement because he failed to put forth any evidence supporting the size of the proposed class.  (Filing No. 58 at 5.) The Court agrees.  Boling has not identified a single member of the proposed class other than his client nor put forth any evidence (*e.g.*, declarations, affidavits, or inmate grievances) that would lead this Court to reasonably conclude the proposed class is large enough to make joinder impracticable.  Since the Stellar Lobby Kiosk does not allow the option to only pay an inmate's cash bond, the Court cannot reasonably conclude that every time a medical co-payment fee was deducted, the person depositing funds into the Stellar Lobby Kiosk was doing so for the sole purpose of posting bond.  The Court requires evidence to make such a finding.

Boling cites to an unpublished decision within this District, *Does v. City of Indianapolis, Indiana,* to support the inclusion of potentially aggrieved individuals in the proposed class.  2006 WL 3365672 (S.D. Ind. Nov. 20, 2006).  The Court finds this case inapplicable because while the plaintiffs there had put forth evidence identifying 963 proposed class members, Boling has not put forth any evidence identifying a single person other than himself and, therefore, the fact that there might be unknown number of persons who could fall into the proposed class here is irrelevant.  *Id*. at 2.  Boling has failed to prove numerosity by a preponderance of the evidence and has not met his burden under Rule 23(a).

C.    **Rule 23(a)(2)—Commonality**

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "[A] common nucleus of operative fact is usually enough to satisfy the commonality requirement."  *Spano*, 294 F.R.D. at 120 (S.D. Ill. 2013).  "A common nucleus of operative fact exists where "defendants have engaged in standardized conduct towards members of the proposed class."  *Gentry,* 313 F.R.D. at 77–78 (S.D. Ind. 2016).

Boling asserts that "[t]he class is united by the common question of whether the Sheriff violated the constitutional rights of pretrial, unsentenced detainees by effectively requiring payment of medical bills prior to release from custody."  (Filing No. 55 at 11.)  He argues this satisfies the requirement of Rule 23(a)(2) of the Federal Rules of Civil Procedure that requires a question of law or fact common to the class.

Sheriff Burgess responds that by not sufficiently defining the class, Boling fails to establish common questions of law between him and the putative members.  Sheriff Burgess argues that Boling's definition of his class -- all class members who were detained for medical debt through a process employed by Sheriff Burgess -- is insufficient because Boling is "unable to identify a single member of the putative class who is alleged to have been detained for that reason, other than [] himself."  (Filing No. 58 at 6.)

The Court agrees with Sheriff Burgess that the commonality requirement is not met in this case because Boling has failed to identify any other class member so as to establish a common question, legal or factual, that is capable of classwide resolution.  The United States Supreme Court concedes that the commonality prong is easy to misread, as "any competently crafted class complaint literally raises common questions." *WalMart Stores, Inc.*, 564 U.S. at 349.  But the crucial question for a plaintiff to answer is whether "the class members have suffered the same injury," not merely that they all have suffered a violation of the same provision of law.  *Id*. Proceeding as a class must allow the court "to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350.  By failing to present evidence concerning other proposed class members, Boling has failed to prove commonality by a preponderance of the evidence and has not met his burden under Rule 23(a).

8

D.      **Rule 23(a)(3)—Typicality**

Concerning typicality, Boling argues that his putative class meets typicality standards

because

> [t]here is a uniform policy, procedure, or protocol affecting all class members.
> Therefore, all members of the class would benefit in some way from a judgment
> favorable to the named Plaintiff in that all class members would be free from the
> unconstitutional constraints imposed by Sheriff Burgess' policy of requiring
> payment of medical debt prior to release from pretrial detention.

(Filing No. 55 at 12-13).

Sheriff Burgess responds that Boling fails to establish typicality between himself and the

putative class, as he has failed to identify even one piece of evidence to demonstrate that others

have the same alleged injury as he had allegedly suffered.  Sheriff Burgess points out that Boling

has not submitted any declarations, affidavits, interrogatory responses, or inmate grievances that

would support his contention that there are others in the putative class who have suffered the same

injury.  (Filing No. 58 at 7.)  The Court "may not simply assume the truth of the matters as asserted

by the plaintiff." *Messner*, 669 F.3d at 811.  Sheriff Burgess argues that Boling must present some

evidence that would support his position, and because he has not done so (and perhaps cannot do

so at all), granting Boling's Motion would be improper.

Sheriff Burgess cites to *Copeland v. Wabash County, Indiana*, where a sister court recently

considered whether a motion for class certification involving inmates met the typicality

requirement. *See generally*, *Copeland v. Wabash County, Indiana*, 338 F.R.D. 595, 600 (N.D. Ind.

2021).  Copeland submitted declarations of sixteen inmates detailing the same injury that he

alleged, three more declarations when submitting a reply brief in support of class certification, and

three more declarations and one set of interrogatory responses with their motion to supplement.

*Copeland*, 338 F.R.D. at 600.  In that case the court found the inmates' declarations to be sufficient

to raise a question of typicality among the putative group. *Id.* at 605.  Sheriff Burgess argues

persuasively that distinct from the named plaintiffs in *Copeland*, Boling has not designated any

evidence that would allow the Court to consider whether his claims are typical of the putative class.

([Filing No. 58 at 7](#).)

The third Rule 23(a) requirement, typicality, requires that the claims of the representative

party be "typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  A party's claim

is typical if it arises from the same event or practice or course of conduct that gives rise to the

claims of other class members and the class representative's claims are based on the same legal

theory.  *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006); *Bledsoe v. Combs*, No. NA

99-153-C H/G, 2000 WL 681094, *2 (S.D. Ind. Mar. 14, 2000).  Even though some factual

variations may not defeat typicality, the requirement is meant to ensure that the class

representatives' claims "have the same essential characteristics as the claims of the class at large."

*Id.*  When evaluating typicality, courts generally focus on the conduct of the defendant and the

nature of the injuries to the putative class members.  *Rosario*, 963 F.2d at 1018; *Cunningham*

*Charter Corp.*, 258 F.R.D. at 328.  Similar to the Court's conclusions concerning numerosity and

commonality, by failing to present evidence concerning other proposed class members, the Court

is unable determine whether Boling's claims have the essential characteristics of his proposed class

members.  Boling has failed to prove typicality by a preponderance of the evidence and has not

met his burden under Rule 23(a).

## IV.    CONCLUSION

For the reasons described above, Plaintiff's Motion for Class Certification ([Filing No. 54](#))

is **DENIED**.  On or before **Monday, November 28, 2022**, Boling may file an amended motion

for class certification and include evidence supporting the motion.  In the event Boling fails to

meet the deadline, he may proceed against Sheriff Burgess individually.

**SO ORDERED**.

Date:   11/7/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terrance Lamont Kinnard
KINNARD & SCOTT
tkinnard@kinnardlaw.net

William W. Barrett
WILLIAMS BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Jacob Garrett Bowman
WILLIAMS BARRETT & WILKOWSKI LLP
jbowman@wbwlawyers.com

Daniel J. Paul
WILLIAMS BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com